**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA

           CASE NO. 06-20483
   Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

JAMES EDGAR COLEMAN,

   Defendant.
_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 22, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

On November 16, 2006, Defendant pled guilty to two counts of Delivery of a Controlled Substance with Death Resulting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). For the reasons set forth below, the Court sentences Defendant to 365 months imprisonment on each of Count I and Count II, with such sentences to run concurrent to each other.  The Court also imposes a term of five years supervised release on each count (to run concurrent to each other) and a $200 special assessment.

## II.  SENTENCING FACTORS

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *See U.S. v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006). The Court has considered the relevant factors as they relate to Defendant and its analysis follows.

**1.     The Nature and Circumstances of the Offense**

On May 18, 2006, Defendant sold heroin and cocaine base to Daniel McElmurry. The next day, McElmurry's mother found him unconscious and he was rushed to the hospital, where he was pronounced dead of a drug-induced overdose on May 26, 2006. An investigation later revealed that the heroin ingested by McElmurry contained Fentanyl.

On May 24, 2006, Defendant, through an associate, supplied heroin to Lauren Jolly. As with Daniel McElmurry, this heroin contained Fentanyl. After ingesting the heroin, Jolly was rendered unconscious. Defendant, believing Jolly was dead, instructed a third party to abandon Jolly's car and body. However, the third party took Jolly to St. John's Hospital where she was pronounced dead of a drug-induced overdose.

As the facts of the case make clear, Defendant's offenses were of a very serious nature, each of which was exacerbated by the deaths of two individuals. Based on the nature and circumstances of the offense, a very significant prison term is appropriate.

**2.     The History and Characteristics of Defendant**

Defendant has a long and serious history of criminal conduct. Defendant was convicted of possession controlled substances in 1987 for which he was incarcerated. Defendant was convicted three times in 1993 for possession of controlled substances, and absconded from a halfway house

twice. In 1994, Defendant was convicted of delivery of controlled substances and obstruction of a police officer. During his probation for this offense, he continued a course of criminal conduct. Defendant was convicted of receiving and concealing stolen property in 2000. Finally, in 2002, Defendant was again convicted of possession of controlled substances. In addition to his numerous convictions, Defendant has several pending charges and a laundry list of uncharged criminal conduct.

Defendant is 37 years old and is divorced. He has two children from his marriage who reside with their mother. He has a child support arrearage of $4,257.29 with respect to those two children. Defendant also has two other children from previous relationships, and he has a child support arrearage of $15,729.68 with respect to those two children.

Defendant is in good health and has no history of mental, emotional or gambling problems. Defendant has reported a history of substance abuse since he was 17 years old. Defendant did not complete high school and does not have a General Educational Development Certificate. Prior to his arrest, Defendant held several part-time jobs. Defendant has no reported assets.

Defendant's background reveals a plethora of criminal activity, consisting mostly of drug related offenses. Defendant has been convicted several times for possession or distribution of controlled substances, yet has continued to commit further crimes. Defendant has demonstrated an obvious contempt for the law and the safety of others. Accordingly, a severe sentence is warranted.

**3.     The Seriousness of the Offense**

Drug related offenses cause a severe harm to the public. Not only do they do harm to the individuals immediately involved with the narcotics, but they breed other crimes. Defendant's offense is extremely serious because it caused the deaths of two individuals. Therefore, a significant


penalty is appropriate in this case.

**4.      Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

As described above, Defendant has been convicted of numerous drug related offenses and has had a long history of criminal conduct. To date, Defendant's prior sentences have clearly been ineffective in promoting respect for the law or deterring Defendant from committing other crimes. Thus, a significant sentence in this case is necessary to promote respect for the law and afford adequate deterrence to criminal conduct.

**5.      Protect the Public from Further Crimes of the Defendant**

As noted, drug trafficking inflicts great harm on the public. Not only did Defendant traffic drugs in this case, but trafficked drugs laced with a lethal substance. This is more than mere drug trafficking. Defendant been involved with the distribution of drugs for the majority of his adult life and his criminal record indicates that he presents a significant risk of recidivism. Therefore, a lengthy sentence is necessary to protect the public from Defendant's destructive actions. The Court finds that the sentence imposed in this case will effectively protect the public by incarcerating Defendant and denying him the ability to cause further harm for a significant period of time.

**6.      Sentencing Options**

Pursuant to 21 U.S.C. § 841(b)(1)(C), the minimum term of imprisonment is 20 years and the maximum term of imprisonment is life for each count. The authorized term of supervised release is at least three years on each count, however, probation is not authorized. Further, the maximum fine is $1,000,000 for each count, and a special assessment of $100.00 is mandatory on each count. There is no issue of restitution in this case.

The parties entered into a Rule 11 Plea Agreement, pursuant to which they agreed that (i)

the appropriate guideline range in this case is 292 - 365 months, (ii) the Court must impose a sentence of at least 20 years, and (iii) the Court must impose a term of supervised release of at least 3 years.

**7.     Guideline Range**

Defendant's guideline range is 292 to 365 months. This is based on a total offense level of 37, which includes a 2 level multiple count adjustment and a 3 level reduction for acceptance of responsibility, and a Criminal History Category IV.

### III.  CONCLUSION

In light of the foregoing considerations, Defendant is sentenced to 365 months imprisonment for Delivery of a Controlled Substance with Death Resulting on each of Count I and Count II of the Indictment.  These sentences are to run concurrent to each other.  The Court also imposes a term of five years supervised release on each count (to run concurrent to each other) and a $200 special assessment.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2007.

                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290