UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES**
**OF AMERICA,**

        Respondent,             **CRIMINAL ACTION NO. 06-CR-20483-DT**
                                               **CIVIL ACTION NO. 09-CV-11676-DT**
  vs.

                                        **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**JAMES EDGAR COLEMAN,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**

        Movant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Movant Coleman's Motion to Vacate Sentence (No. 06-20483, docket no. 36) should be **DENIED**.

**II.**    **REPORT:**

    **A.**    **Facts and Procedural History**

    This is a motion to vacate sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255. (Docket no. 36). Movant filed his motion on May 1, 2009. His Judgment was entered on March 1, 2007. (Docket no. 24). Movant waived indictment and agreed to the Government filing a Superseding Information. (Docket nos. 17, 18, 19). Movant pled guilty pursuant to a written plea agreement to the Superseding Information which charged him with two counts of delivery of a controlled substance with death resulting (of two different persons) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Docket no. 17). The controlled substance was a mixture of heroin and fentanyl. (*Id.*). The Court sentenced Movant to 365 months concurrent. (Docket no. 24). Movant filed a notice of appeal but later voluntarily dismissed his appeal. (Docket no. 32). Movant waived

his right to appeal in his plea agreement because his sentence fell within the range specified in his plea agreement. (Docket no. 42-7 at 6).

Movant filed the present section 2255 motion on May 1, 2009. (Docket no. 36). The district court referred this motion to the undersigned for a Report and Recommendation. (Docket no. 38). Respondent filed a Response on July 20, 2009. (Docket no. 42). Movant did not file a Reply brief even though this Court granted an extension of time for him to do so. (Docket no. 48). The time for filing a Reply brief has now expired. The Court dispenses with oral argument and finds that an evidentiary hearing is not required because the motion and records and files of this case conclusively show that Movant is entitled to no relief. 28 U.S.C. § 2255(b). This matter is therefore now ready for ruling.

### B. Claims

Movant's memorandum supporting his Motion to Vacate Sentence is lengthy with overlapping claims and arguments. (Docket no. 36). Many arguments are legal in nature and apply to cases in which the movant was convicted at trial rather than by guilty plea. Movant lists his grounds for relief as follows: (1) Ineffective Assistance of Counsel; (2) Unknowing and involuntary guilty plea; (3) Error in not allowing Movant to withdraw his guilty plea; (4) Insufficient evidence; and (5) Collateral attack on sentence. (*Id.* at 9).

### C. Standard

Under 28 U.S.C. § 2255, to obtain relief a movant must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

In order to establish ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Railey v. Webb*, 540 F.3d 393, 415 (6th Cir. 2008). Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that the errors were so serious that they deprived the defendant of a fair trial, a trial whose result was reliable. (*Id.*). When the ineffective assistance claim is in the context of a guilty plea, in order to satisfy the prejudice requirement, "'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (*Id.* at 415-16 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985))).

**D.     Analysis**

    **1.     Ineffective Assistance of Counsel**

Movant first argues that the elements of the offense were not explained to him to give him sufficient notice of the charge. (Docket no. 36 at 11). The elements of a 21 U.S.C. § 841(a) offense are: (1) the defendant knowingly; (2) possessed a controlled substance; (3) with intent to distribute. *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995). Movant was sentenced under the penalty provision of the statute, section 841(b)(1)(C), which provides that in the case of a Schedule I or II controlled substance and death results from the use of such substance the defendant shall be sentenced to a term of not less than 20 years nor more than life.

Movant's plea agreement, which Movant signed, recites as the offense elements that (1) Defendant distributed a mixture or substance containing the Schedule I controlled substance heroin, and the Schedule II controlled substance fentanyl; (2) Defendant knowingly and intentionally

distributed the controlled substance; (3) use of the controlled substance distributed by defendant resulted in death. (Docket no. 42-7 at 2). During his plea hearing, Movant stated under oath that his attorney had explained the nature of the charges against him to his satisfaction and that he had reviewed the Superseding Information and understood it. (Docket no. 42-8 at 9). The court recited the elements of the offense to Movant, and he stated that he understood the charges. (*Id*. at 10). Based on these portions of the record the Court finds that the elements of the offense were sufficiently explained to Movant. Movant has failed to show that counsel performed deficiently on this basis or that he was prejudiced as a result of counsel's performance. *See Hill*, 474 U.S. 52; *Strickland v. Washington*, 466 U.S. 668 (1984).

Movant complains that the elements of first degree murder, second degree murder, and manslaughter were not explained to him. (Docket no. 36 at 11). However, he was not charged with any of these offenses. Movant also complains that the harm to the victim was not proven beyond a reasonable doubt. However, Movant pled guilty to the charges therefore there was no need for the Government to prove any element beyond a reasonable doubt. *See* docket no. 42-8 at 8 (Movant advised during plea hearing that his guilty plea waives his right to have Government prove guilt beyond reasonable doubt). In addition, Movant admitted during his plea hearing that he distributed a controlled substance which both victims purchased and then later died from the drug. (*Id*. at 16-19). Movant fails to show that counsel performed deficiently with respect to any of these arguments or that he was prejudiced based upon the arguments.

### 2.     Knowing Plea

Movant complains that counsel failed to file pretrial motions. (Docket no. 36 at 15). Movant mentions a possible suppression motion but fails to identify what evidence should have been

suppressed and why. (*Id.*). According to Movant, counsel also should have explained a conditional plea to Movant so that he could preserve his right of appellate review of the merits of the suppression motion. (*Id.*). Movant fails to show that a suppression motion would have had any probability of success or that the Government was open to accepting a conditional plea. Movant has failed to show that counsel performed deficiently or that Movant was prejudiced by counsel not filing a suppression motion. This is especially true because of the outcome that Movant's plea agreement avoided, namely the penalty of mandatory life imprisonment which Movant faced on Count 1 of his Indictment due to his previous drug convictions. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (50 grams or more of cocaine base with two or more prior convictions for felony drug offense); docket no. 42 ex. D (PSR showing prior convictions). These arguments therefore fail to show either a defective plea or ineffective assistance of counsel.

Movant also argues that he was misled by defense counsel into pleading guilty. (Docket no. 36 at 17). He claims that he is actually innocent of the charges. (*Id.* at 18). Movant relies on the section of the plea hearing in which he advised the court that he did not know that the drug he distributed contained fentanyl. He said that he thought it was only heroin. (*Id.*). Because he did not know of the presence of fentanyl, Movant argues that he is innocent. Unfortunately for Movant, the law is against him on this issue. The Sixth Circuit has held that for a conviction under section 841 the Government need not "'prove mens rea as to the type and quantity of the drugs.'" *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003) (quoting *United States v. Garcia*, 252 F.3d 838, 844 (6th Cir. 2001)). Nothing more is required than an intent to distribute a controlled substance. *Villarce*, 323 F.3d at 439. The penalty enhancement for resulting death applies regardless of whether a defendant intended the death. *United States v. Rebmann*, 226 F.3d 521, 525 (6th Cir.

2000); *United States v. Robinson*, 167 F.3d 824, 831 (3rd Cir. 1999). The record of this case makes clear that Movant knew he was distributing or directing the distribution of a controlled substance. A death resulted from those drugs. Therefore, Movant has not shown that counsel caused him to plead guilty to an offense for which he was innocent.

Movant has failed to show that his plea was entered either unknowingly or involuntarily.

### 3.     Withdrawal of Plea

Movant next argues that the district court erred by not allowing him to withdraw his plea. (Docket no. 36 at 32). No relief is available on this argument because the record fails to show that Movant filed a motion to withdraw his guilty plea.

In addition, Movant fails to offer a good reason why the Court should have granted such a motion if Movant had filed it. Movant again contends that he is innocent because he did not know that the drug he distributed or had distributed contained fentanyl in addition to heroin. (*Id*. at 35). However, as discussed above, the Government was not under an obligation to prove that Movant knew fentanyl was present in the drug mixture.

Movant makes general assertions that his defense attorney instructed him how to answer the Court's questions during the plea hearing and that counsel or the Government made promises to cause him to enter his plea. (*Id*. at 35). Such assertions are contradicted by Movant's testimony at his plea hearing where he stated that no one had tried to force him to plead guilty in any way, no promises regarding a specific sentence were made to him, and that other than his plea agreement no promises or threats of any kind had been made to induce him to plead guilty. (Docket no. 42-8 at 15-16). These representations made under oath are binding on Movant now. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (representations made under oath in open court "constitute a

formidable barrier in any subsequent collateral proceedings"). Movant has failed to show any valid basis for granting a motion to withdraw his plea.

### 4.     Insufficient Evidence

Movant argues that the evidence presented was not sufficient to prove all of the necessary elements of the crime of which he was convicted. (Docket no. 36 at 40). Movant argues this claim as though he pleaded not guilty and was tried by a jury. (*Id.*). However, he pled guilty to his offenses. There was no need for the Government to present evidence showing that Movant was guilty beyond a reasonable doubt. By pleading guilty, Movant waived any claim of insufficient evidence. *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982). Movant's claim of insufficient evidence must be rejected.

### 5.     Collateral Attack on Sentence

Movant argues that a jury should have determined that certain sentencing factors were proved beyond a reasonable doubt. (Docket no. 36 at 46). He contends that a finding should have been made on the amount of drugs that was reasonably foreseeable to him and the harm that resulted to the victim. (*Id.*; docket no. 36-2 at 5-6). Movant did not plead guilty to conspiring with others to distribute drugs. This is the situation which typically requires a finding of the amount of drugs that was reasonably foreseeable to a defendant. Movant's presentence report shows that drug quantity played no role in the determination of Movant's guideline range. (Docket no. 42 ex. D). Although the guideline factors found by the Probation Department differed somewhat from those included in the Fed. R. Crim. P. 11 Agreement, neither set of factors took account of the quantity of drugs. (*Id.*). Therefore, Movant's argument that there was error because no finding was made on the amount of drugs that was reasonably foreseeable to him, must be rejected.

The record shows that Movant was advised during his plea hearing that an element of the offenses was that a person died as a result of Movant's distribution of drugs. (Docket no. 42-8 at 10). Movant admitted during the plea hearing that the two victims died as a result of his distribution of drugs. (*Id.* at 16-19). Movant has not shown that death did not result to the victims due to the drugs that he distributed or caused to be distributed. The sentencing court found that the elements of the offenses were "made out by [Movant's] own statements in open court." (Docket no. 42-8 at 20). Movant fails to show that any other finding on the harm to the victim was required.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 28, 2009                    s/ Mona K. Majzoub
                                                         MONA K. MAJZOUB
                                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon James Edgar Coleman and Counsel of Record on this date.

Dated: August 28, 2009                    s/ Lisa C. Bartlett
                                                         Courtroom Deputy