UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Respondent,

                                           Crim. No. 06-20483
v.                                            Hon. Lawrence P. Zatkoff

JAMES EDGAR COLEMAN,

    Petitioner.
_____/

## ORDER DENYING RELIEF FROM JUDGMENT

This matter is before the Court on Petitioner's Motion for Relief from Judgment [dkt 68] pursuant to Fed. R. Civ. P. 60(b)(4) and (b)(6). The Court finds that the facts and legal arguments are adequately presented in the Petitioner's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Petitioner's Motion for Relief from Judgment is DENIED.

Petitioner seeks relief from the Court's September 7, 2010, order denying his certificate of appealability. In the Court's September 7, 2010, order, the Court applied the following standard in denying Petitioner's certificate of appealability:

> A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted).

The Court went on to hold:

> In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court declines to issue a certificate of appealability.

Petitioner claims that the Court's order was inconsistent with this Circuit's precedent because the Court failed to make an individualized determination as to each claim under *Slack v. McDaniel*, 529 U.S. 473 (2000). Petitioner cites to *Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001). The Sixth Circuit in *Porterfield* vacated the trial court's grant of a certificate of appealability and remanded the case back to the trial court to make an individualized determination as to each *procedurally* defaulted claim pursuant to the holding in *Slack*. *Id.* at 487. Petitioner now requests that the Court relieve him from the Order denying his certificate of appealability under Fed. R. Civ. P. 60(b)(4) and (b)(6).

Pursuant to Fed. R. Civ. P. 60(b)(4) and (b)(6), a court may relieve a party from a final order if the "judgment is void" or for "any other reason that justifies relief." In applying this standard to the Court's September 7, 2010, order, the Court does not find that its order is void or that extraordinary circumstances warrant relief. *See Harbison v. Bell*, 503 F.3d 566, 569 (6th Cir. 2007) (noting that in order to grant relief under Fed. R. Civ. P. 60(b)(6) the movant is required to demonstrate "extraordinary circumstances"). First, as is apparent from the Court's September 7, 2010, order, it was aware of the holding in *Slack* and applied it to Petitioner's claims.

Second, Petitioner's claim that the Court failed to undertake the two-prong inquiry as outlined in *Slack* is irrelevant, as Petitioner has conflated the necessary inquiry in *Slack*. In *Slack*, the Supreme Court formulated two determinations. In the first determination, where a district court has rejected the *constitutional claims on the merits*, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district

2

court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. In the second determination, where a district court has denied the petition based on *procedural grounds without reaching the underlying constitutional claims*, the court must review whether the district court's assessment of the constitutional claims and procedural ruling would be found debatable by reasonable jurists. *Id.* 484–85.

In reviewing the Court's order dismissing Petitioner's petition, the Court reached Petitioner's constitutional claims on the merits. Thus, in denying Petitioner's certificate of appealability, the Court properly made a single determination that "reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted."

Third, Petitioner fails to adequately demonstrate that extraordinary circumstances exist in this case. Petitioner merely states in his motion and brief that "[t]he extraordinary circumstances presented allows [sic] this Honorable Court to relieve Coleman from the District Court[']s judgement [sic] where the ruling is void and inconsistent with due process of law." Petitioner does not expound on what "extraordinary circumstances" are presented to this Court. Such a statement does not adequately demonstrate that extraordinary circumstances exist. *See Harbison*, 503 F.3d at 569 ("Motions under Rule 60(b)(6) do not have a time limit, but a movant is required to demonstrate extraordinary circumstances which would justify reopening a final judgment.").

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment [dkt 68] pursuant to Fed. R. Civ. P. 60(b)(4) and (b)(6) is DENIED.

IT IS FURTHER ORDERED that the Court DENIES a certificate of appealability on Petitioner's claim that the Court's September 7, 2010, order was inconsistent with due process of law because reasonable jurists could not debate the Court's resolution of this claim. *Slack*, 529 U.S. at 483–84. Petitioner may not proceed *in forma pauperis* on appeal because his claim lacks merit,

and such an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    IT IS SO ORDERED.

                      S/Lawrence P. Zatkoff
                      LAWRENCE P. ZATKOFF
                      UNITED STATES DISTRICT JUDGE

Dated: October 3, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 3, 2011.

                      S/Marie E. Verlinde
                      Case Manager
                      (810) 984-3290