UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,

       Plaintiff,

v.

JAMES EDGAR COLEMAN,

       Defendant.
_____/

Case No. 06-cr-20483

Honorable Sean F. Cox
United States District Court Judge

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY**

In 2006, Defendant James Coleman ("Coleman") plead guilty to two Counts of distributing a mixture of heroin and fentanyl resulting in death. Since then, Coleman has filed two § 2255 habeas petitions, both of which were denied. More recently, Coleman filed a § 2241 habeas petition with some success. This Court granted Coleman's § 2241 petition, only with respect to Count 2, and vacated his sentence. However, on appeal, the Sixth Circuit vacated this Court's ruling and ordered the Court to enter a new judgment or hold a resentencing hearing—instead of simply vacating Coleman's sentence with respect to Count 2.

After the Sixth Circuit's ruling, Coleman filed the instant Motion to withdraw his guilty plea with respect to Count 1. Pursuant to E.D. Mich. LCrR 12.1 and LR 7.1 (f)(2), the Court finds this Motion has been adequately briefed and will rule without hearing.

For the reasons set forth below, the Court **DENIES** Coleman's Motion. Fed. R. Crim. P. 11(e) is explicit that a guilty plea may not be withdrawn after a court has imposed sentence, and all other arguments in Coleman's brief are not properly before this Court.

**BACKGROUND**

In 2006, the government charged Coleman with distributing a mixture of heroin and fentanyl, the use of which resulted in the death. Count 1 pertained to the death of Lauren Jolly ("Jolly"). Count 2 pertained to the death of Daniel McElmurry ("McElmurry"). (ECF No. 11). The allegations of death increased Coleman's potential prison term from a 20-year maximum to a range of 20 years to life.

On November 16, 2006, Coleman plead guilty as charged pursuant to a written agreement. (ECF No. 20). With respect to Count 1, Coleman stated he had distributed packs of heroin at a house on Keating Street in Detroit. He further stated that Jolly purchased heroin there from someone else and that Jolly "died from it." For Count 2, Coleman also stated he provided heroin to McElmurry who died because of a drug overdose. Coleman lastly stated he was not aware that his drug mixture contained fentanyl.

On February 23, 2007, Coleman was sentenced to 365 months imprisonment on both Count 1 and Count 2, with sentences to run concurrent to each other. (ECF No. 23). Coleman did not file a direct appeal from his conviction.

On May 1, 2009, Coleman filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 36). This Court denied the motion, and the Sixth Circuit declined to issue a certificate of appealability ("COA").

On July 27, 2011, Coleman filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), contesting this Court's denial of a COA. (ECF No. 68). This Court denied the motion and the Sixth Circuit declined to issue a COA.

In 2014, the Supreme Court issued *Burrage v. United States*, 571 U.S. 204 (2014). In *Burrage*, the Court examined the provision in 21 U.S.C § 841(b)(1)(A)-(C) that increased the

penalty for distribution of a controlled substance when death or serious bodily injury results. The Court concluded the enhanced penalty does not apply if the drug was a contributing cause. *Id*. at 208. For the enhancement to apply, the distributed drug must have been either an independently sufficient cause of death, or serious bodily injury must have been a but-for cause. *Id*. at 218-19.

After *Burrage* was published, on January 26, 2015, Coleman filed a second § 2255 motion. (ECF No. 74). This Court transferred the case to the Sixth Circuit as a "second or successive" habeas petition. (ECF No. 85). The Sixth Circuit denied authorization to bring a "second or successive" § 2255 motion. The court reasoned that *Burrage* did not announce a new rule of law. (ECF No. 87).

On March 8, 2018, Coleman filed another habeas petition under 28 U.S.C. § 2241. That petition was addressed in a separate docket—E.D. Mich. No. 18-10805 (the "§ 2241 docket"). Coleman argued that considering *Burrage,* he was innocent of the § 841(b)(1)(C) sentencing enhancement because there was no evidence that the victims' consumption of heroin was a but-for cause of their deaths. (§ 2241 docket, ECF No. 1 at PageID 20). Coleman argued that both victims consumed additional drugs, like fentanyl, that could have caused their deaths. *Id*. He also moved to compel the government to produce the toxicology and autopsy reports for the victims. *Id*. at PageId 21.

This Court denied Coleman's § 2241 petition because Coleman admitted at his plea hearing that both victims' deaths resulted from their ingestion of controlled substances distributed by him. (§ 2241 docket, ECF No. 9 at 3-4). The Court also denied Coleman's motion to compel discovery as moot. *Id*.

On appeal, the Sixth Circuit found that Coleman had shown three of four factors necessary to demonstrate actual innocence and obtain relief under § 2241. That is, that *Burrage*

announced a new interpretation of statutory law, that it was issued after Coleman's direct appeals or subsequent motions, and that it applied retroactively. (§ 2241 docket, ECF No. 17); *Wooten v. Cauley*, 677 F.3d 303, 307-08.

The remaining factor was whether *Burrage*'s new rule applied to the merits of Coleman's "petition to make it more likely than not that no reasonable juror would have convicted him." *Wooten*, 677 F.3d at 307-08. With respect to that factor, the Sixth Circuit held that Coleman's requested discovery might enable him to show that no reasonable juror would have found but-for causation. Therefore, the Sixth Circuit held this Court abused its discretion in denying Coleman's motion to compel and remanded the action for further proceedings. (§ 2241 docket, ECF No. 17 at 5).

At this Court's directive, the government filed the autopsy and toxicology reports for both victims. (§ 2241 docket, ECF Nos. 26, 27, 34, 35*).* The reports indicated that fentanyl, but no heroin was found in Jolly's or McElmurry's blood. *Id*.

McElmurry's reports further revealed other health conditions at play in his death, and that the fentanyl in his blood likely was administered during a week-long stay at the hospital following his overdose. (§ 2241 docket, ECF Nos. 27, 34). As for Jolly, the coroner found fentanyl in her blood but no other significant pathology. (§ 2241 docket, ECF Nos. 26, 35).

On February 17, 2021, Coleman filed a supplemental brief regarding his § 2241 petition. (§ 2241 docket, ECF No. 29). In it, Coleman argued that the lack of heroin in the victim's blood meant there was insufficient evidence that they had died from the drugs he had provided. Coleman requested an evidentiary hearing and appointment of an evidentiary expert. *Id*.

In the government's response, it conceded there was insufficient evidence that use of the drugs provided by Coleman was the but-for cause for McElmurry's death. (§ 2241 docket, ECF

4

No. 33). Coleman filed a reply, further arguing that Jolly could have bought fentanyl before arriving at Coleman's drug house. (§ 2241 docket, ECF No. 36).

On September 23, 2021, without conducting hearings, this Court vacated Coleman's sentence on Count 2—the Count related to McElmurry's death—and declined to vacate Coleman's sentence on Count 1—the Count related to Jolly's death. (§ 2241 docket, ECF No. 37).

On Count 1, this Court found "that fentanyl intoxication was the independent, sufficient cause of Jolly's death." *Id*. at 9-12. Nonetheless, the Court reasoned that, even prior to *Burrage,* when it was sufficient that the distributed drugs were merely a contributing factor, Coleman could have raised the defense that the drugs he distributed to Jolly were unrelated to her death. *Id*. The Court also denied Coleman's Motion to appoint a medical expert. *Id*. at 16.

On October 23, 2021, Coleman filed a timely appeal, arguing this Court erred by not vacating his sentence for Count 1, resentencing him de novo, and granting his motions for appointment of a medical expert and an evidentiary hearing. (*See* § 2241 docket, ECF No. 43).

On September 21, 2022, the Sixth Circuit entered its opinion regarding Coleman's appeal. With respect to Count 1, the Sixth Circuit held that this Court properly concluded Coleman could have raised his claim regarding Jolly's death prior to *Burrage*. *Id*. at 5. With respect to Count 2, the Sixth Circuit held that this Court should have entered a new judgment or conducted a resentencing hearing, rather than simply vacating Coleman's sentence, "because his guidelines range could be affected by the change in the multiple-count adjustment anticipated by the government." *Id*.

On January 1, 2023, in light of the Sixth Circuit's opinion, Coleman filed the instant "Motion to Withdraw Guilty Plea." (ECF No. 92).

5

## ANALYSIS

The only issue properly before the Court is whether Coleman may withdraw his guilty plea with respect to Count 1.[1] Coleman's Motion is denied.

A defendant's capability to withdraw a guilty plea is governed by Fed. R. Crim. P. 11. However, the parties dispute which provision of Rule 11 should control. Coleman contends that his Motion is governed by Rule 11(d)(2)(B), while the Government argues that Rule 11(e) controls. (*See* ECF No. 92 at 14); (ECF No. 96 at 7).

Rule 11(d)(2)(B) states that a defendant is entitled to withdraw a guilty plea after the court accepts the plea, *but before it imposes sentence*, if "the defendant can show a fair and just reason for requesting withdrawal."

Coleman argues that Rule 11(d)(2)(B) should apply to him because the Sixth Circuit has ordered this Court to resentence Coleman with respect to Count 2 of his indictment, and because he can show a fair and just reason to withdraw his plea. (ECF No. 92 at 14); (§ 2241 docket, ECF No. 43). In other words, Coleman argues that because he is entitled to resentencing on Count 2, the Court has not imposed sentence, so Rule 11(d)(2)(B) applies to his request to withdraw his guilty plea on Count 1.

Coleman's argument is flawed. The Sixth Circuit expressly stated that "Coleman may not obtain relief on Count 1 under § 2241." (§ 2241 docket, ECF No. 43 at 5). Since Coleman is not

---

[1] In his Motion, Coleman raises a laundry list of reasons why he should be permitted to withdraw his guilty plea. Coleman cites ineffective assistance of counsel, a failure by the government to disclose exculpatory evidence, newly discovered evidence, and an entitlement to be sentenced on accurate information as reasons why he should be permitted to withdraw his plea. (*See* ECF No. 92 at 5-13). None of these arguments are properly before the Court. If Coleman is interested in pursuing any of these claims, he may raise them in a successive habeas petition in front of the Sixth Circuit.

entitled to resentencing on Count 1, Rule 11(d)(2)(B) does not govern his request to withdraw his plea.

Rather, Fed. R. Crim. P. 11(e) will govern. Rule 11(e) states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." In Coleman's situation, Rule 11(e) is explicit. With respect to Count 1, the Court has imposed a sentence and that sentence was affirmed. Therefore, Coleman may not withdraw his guilty plea.

## CONCLUSION

For the reasons stated above, **IT IS SO ORDERED** that Coleman's Motion to withdraw his guilty plea on Count 1 is **DENIED**. The miscellaneous arguments raised by Coleman are not properly brought before this Court—they should be raised in a successive habeas petition before the Sixth Circuit. Further, Rule 11(e) plainly states that Coleman may not withdraw his plea on Count 1 because this Court has imposed a final sentence.

**IT IS SO ORDERED.**

                                                    s/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: March 14, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2023, by electronic and/or ordinary mail.

                                                     s/J. McCoy
                                                     Case Manager